HATHAWAY V. HOWELL.

*Execution — on judgment not entered invalid, and not made valid by subsequent entry of judgment.*

An execution recited that a judgment under which it was issued was entered the 26th. The execution bore date and was delivered to the sheriff on the same day, and he made a levy upon personal property thereunder. The judgment upon which it purported to be issued was not entered until the 28th. *Held*, that the execution was void when issued, and the levy made thereunder invalid, and that the subsequent entry of the judgment did not give validity to the execution.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the report of a referee.

The action was brought by Calvin L. Hathaway against Edwin W. Howell, to recover the possession of personal property. Sufficient facts appear in the opinion.

*R. T. Turner*, for appellant.

*S. B. Tomlinson*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J. This was an action to recover the possession of certain hotel furniture of the value of $10,000.

The case was once before tried, and the defendant had a judgment; it was affirmed at general term but reversed by the Commission of Appeals. 54 N. Y. 97.

The defendant, as sheriff of Chemung county, justified taking and holding the property under and by virtue of an execution against one Slater, dated May 26, 1866, reciting a judgment of that date as the basis for its issue. It was shown that papers were prepared for obtaining a judgment by confession on Saturday evening, May 26th, and left in the clerk's office to be entered up after hours, but such judgment was not, and could not be, perfected until eight o'clock on Monday the 28th. This execution was issued and delivered to the sheriff on May 26th, with directions to levy, and a levy was made on that day. On the former appeal, the commission held that an execution *against property* did not vest any right or title to the execution debtor's property in the sheriff until actual levy made, and that a levy must be made during the life of the execution; that this execution was void; and that no title was acquired by the sheriff by his levy on the 26th; that the judgment against Slater did not become perfected until eight A. M., on the 28th, and no levy was shown to have been made after that date, within the life of the execution.

On the second trial, the defendant undertook to show that a new levy was made with this execution after eight o'clock on Monday, the 28th.

The first question is, was the finding of the referee in the affirmative on that question against the evidence in the case? The second question is, conceding such new levy to have been made, had the execution validity?

The burden of establishing the first proposition was upon the defendant; two witnesses were called for that purpose — himself and his attorney. The attorney testified, in substance, that on the morning of the 28th he directed the sheriff to make a new levy, because the levy of the 26th was invalid and of no use; that he did not then regard the levy of Saturday night as valid, and had never changed that opinion; that he went with the sheriff to the Hathaway house, where the property was, and told Slater he had brought the sheriff there to make a new levy, and Slater and the sheriff went to look at the property for that purpose.

The defendant testified in substance, that he met the attorney on the morning of the 28th near the Hathaway house; that something was said about making a new levy, and that he did then go and make a new levy.

This testimony is in conflict with all the facts surrounding the

case, and inconsistent with itself. The execution bore date May 26th; it recited a judgment of the 26th as the authority on which it was based; it was issued and delivered to the sheriff on the 26th; the entry of its reception on the back was as of the 26th; the sheriff was directed to levy on that day and did levy on that day, and indorsed his levy as on that day, and no other levy since was noted on the writ; subsequently a notice of sale, under said levy as of that date, was posted; the answer in the case states the levy as of the 26th, and avers no other levy; and on the former trial the action was defended on the sole ground that the levy of the 26th was valid. The attorney, in now testifying that he directed a new levy because he knew the former levy was invalid, and had never changed his mind on that question, is stultified by his acts as attorney in justifying under the first levy, and by endeavoring to sustain its legality.

This idea of a new levy seems an afterthought, necessitated by the reversal of the former judgment in the Commission of Appeals; and the pretense of a second levy is so much in conflict with established facts as to be unworthy of belief. It is not a case of conflict of testimony between witnesses, whereby the finding of the primary tribunal is conclusive, but more a case of certainty against uncertainty, of actual facts against interested testimony. In my judgment the finding was against the evidence.

The next question is, the effect of the judgment entered on the 28th upon the execution issued and delivered on the 26th. An execution is a judicial writ, and must, to be valid, be based upon a judgment of some court; otherwise it is not the mandate of the court, but simply that of its author.

An execution may be drawn up and delivered to the sheriff as agent, to be held until a judgment is perfected, and it will then be valid, providing it conforms to the judgment in recitals and date. But such was not this case. This execution was issued as upon an existing judgment, delivered to the sheriff, as sheriff, for immediate execution, and was levied. It was not a case of mistake, but of intention; it was void; it was but the individual mandate of the attorney who signed it; and being void could not, by a subsequently perfected judgment, become a process of the court and validated. It was not changed, and could not be changed by the entry of a subsequent judgment; it remained, as it was issued, void.

It was argued that the Commission of Appeals held, that, although

this pretended execution was inoperative when delivered, it became operative on the morning of the 28th. That is a mistake; the *court* did not so decide; such was the expression by one of the commissioners, dissented from by another, and not passed upon by the court. See 54 N. Y. 102–113. The point was not before the court; the case presented no pretense of a subsequent levy; the expression of an opinion on that point, either by the Commission of Appeals or this court, was *obiter*.

The judgment is reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*